1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DAVID DAVIS, et al.,

11              Plaintiffs,                    No. Civ S-07-1098 LKK KJM PS

12         vs.

13    CLEARLAKE POLICE DEPARTMENT,

14              Defendant.                     ORDER

15    _____/

16              Plaintiffs are proceeding in this action pro se.  The federal venue statute requires

17    that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a

18    judicial district where any defendant resides, if all defendants reside in the same State, (2) a

19    judicial district in which a substantial part of the events or omissions giving rise to the claim

20    occurred, or a substantial part of property that is the subject of the action is situated, or (3) a

21    judicial district in which any defendant may be found, if there is no district in which the action

22    may otherwise be brought."  28 U.S.C. § 1391(b).

23              In this case, the events giving rise to the complaint took place in Clearlake,

24    California, which is in Lake County.  Therefore, plaintiffs' claim should have been filed in the

25    United States District Court for the Northern District of California.  In the interest of justice, a

26    /////

1

Dockets.Justia.com

1   federal court may transfer a complaint filed in the wrong district to the correct district. <u>See</u> 28

2   U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

3           Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the

4   United States District Court for the Northern District of California.

5   DATED:  June 15, 2007.

6

7   006
  davis.tra

                            U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26